C. W. BAGGETT V. LIVERPOOL & LONDON & GLOBE INSURANCE
COMPANY, LIMITED, OF LIVERPOOL, ENGLAND.

Application No. 14219.   Decided November 18, 1925.

(277 S. W., 78).

**1.—Fire Insurance—Policy—Application—Non-Payment of Premium Note.**

An application for insurance attached to the policy and made a part
thereof provided that if a note were given for any part of the premium
and not paid at maturity the policy should be suspended while such pay-
ment was in default.  The loss by fire occurred at a time when a note for
premium so given was unpaid.  *Held,* that there could be no recovery.
(P. 145.)

**2.—Same—Signature.**

There being no question of the correctness of the copy of the appli-
cation of insured attached to and made a part of the policy, it was imma-
terial that such copy did not contain his signature.   (P. 145.)

Application by Baggett for writ of error to the Court of Civil
Appeals for the Third District, in an appeal from Milam County.

Baggett sued the insurance company and obtained judgment.
On writ of error by defendant the judgment was reversed and
rendered in its favor (275 S. W., 313).  Baggett applied for writ
of error, which is here refused in a memorandum opinion *per
curiam.*

*W. A. Morrison,* for plaintiff in error.

On the proposition that a warranty on the part of the assured
or a condition for defeating the policy prior to and independent
of the Statute of 1909, (Arts. 4953, 4955, Rev. Stats.) was re-
quired to be incorporated in the policy itself; otherwise a viola-
tion of such provision could not be invoked by the Insurance
Company to defeat the policy:  Goddard v. East Texas Fire Ins.
Co., 67 Texas, 69, 71, 1 S. W., 906; Georgia Home Ins. Co. v. Mc-
Kinley, 14 Texas Civ. App., 7, 37 S. W., 606; East Texas Fire
Ins. Co. v. Brin, 3 App. C. C. (Willson) Sec. 333; Co-operative
Ins. Co. v. Ray, 138 S. W., 1122, 1123; Maryland Casualty Co. v.
Robertson & Co., 194 S. W., 1140, 1144; United States Fid. &
Guar. Co. v. Maxwell, 237 S. W., 708; Texas State Mutual Fire
Ins. Co. v. Richbourg, 257 S. W., 1089, 1090.

Provision in a note and not in a policy that policy suspended
while note unpaid is nugatory:  Dwelling House Ins. Co. v. Har-
die, 37 Kan., 674, 16 Pac., 92; Shawnee Mutual Fire Ins. Co. v.
Cannady, 36 Okla., 733, 129 Pac., 869, 44 L. R. A., N. S., 376, 379.

*Thompson, Knight, Barwise & Harris,* for appellant in Court of Civil Appeals.

PER CURIAM: The only thing absent from the copy of the application which was attached to the policy was the signature of Baggett. There is no contention that it was not in all other respects a substantial copy of the original application. Under the circumstances, the absence of the signature becomes immaterial. Baggett having offered in evidence all of the policy except the application, the whole was admissible when offered by the Insurance Company. The Court of Civil Appeals having made a correct disposition of the case, the writ of error is refused.